IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JERRY L. KINGSBY #576664 | § | |
| VS. | § | CIVIL ACTION NO. 6:22-287 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Jerry L. Kingsby, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this habeas action alleging multiple parole denials that are systematically "unfair and unjust," citing the authority of 28 U.S.C. § 2241. (Dkt. #1 at 1.) The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the Court recommends that the petition be denied, the case be dismissed with prejudice, and that Petitioner be denied a certificate of appealability *sua sponte*.

**I. The Petition**

Petitioner states that he has been in prison for 32 years of a life sentence and is 58 years old. (Dkt. #1 at 11.) He alleges that he has been denied parole seven times without being allowed to review his file and challenge any "errors and/or derogatory information that may be in his file." (*Id.* at 1.) He further alleges that the bases for the denials—the serious nature of his offense and criminal behavior pattern—are things he cannot change, which makes his denials unfair. (*Id.*) He says he has been denied his constitutional right to "meaningful participation in his parole hearings." (*Id.* at 1–2.) His specific claims for relief are:

1. Texas's parole procedures violate applicable regulations and deny equal protection to prisoners who cannot afford an attorney to review their parole file. (Dkt. #1 at 2.)
2. Denying Petitioner's parole seven times without allowing him to review his file is arbitrary and capricious and constitutes a denial of due process. (*Id.*)
3. Parole officials' failure to disclose Petitioner's parole score to him renders their decisions "arbitrary and capricious with no evidence that he was a current threat to society," which denies him due process. (*Id.*)
4. Denying Petitioner parole is a violation of due process where there is no evidence that he is a current threat to society and no consideration of his good institutional record and rehabilitative accomplishments. (*Id.*) And
5. "Petitioner has been repeatedly denied a fair and just parole hearing, in that he has been denied meaningful participation, denied review of his file, denied disclos[ure] of evidence used against him by the Fact-finders redacting the parole score from the Minutes Sheet. These acts represent a scheme, which is ongoing violation of the Federal Civil Rights Statute, Sec. 242 of Title 18." (*Id.* at 3.)

Petitioner seeks an order that he be granted a parole hearing within 30 days "with all Equal Protection and Due Process requirements being met" and a declaratory judgment that "the Texas Parole System is unconstitutional as it systematically denies due process and equal protection in an ongoing scheme" that violates federal law. (*Id.* at 14.)

## II. Standard of Review

The Rules Governing Section 2254 cases, which may be applied to Section 2241 petitions, require the Court to "promptly examine" any petition for writ of habeas corpus and to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rules 1(b), 4. The federal writ of habeas corpus is available to a prisoner in state custody only when he establishes "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The role of federal courts in reviewing habeas petitions filed by state prisoners is thus exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle*

*v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). Pro se habeas petitions are construed liberally and "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).

### III. Discussion and Analysis

Petitioner's entire case hinges on his claim of constitutional protections in the context of parole consideration. But it is well-settled that a state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Neb. Penaland Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Orellena v. Kyle*, 65 F.3d 29, 31-32 (1995); *Pohl v. Livingston*, 241 F. App'x 180, 181 (5th Cir. 2007) ("This court has determined that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause.").

The decision to grant parole or deny parole is discretionary under Texas law—and the Texas parole statutes, both past and present, do not create a protected liberty interest that would implicate constitutional considerations. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) ("We hold that the Texas Adult Probation, Parole and Mandatory Supervision Law does not create a protectible expectancy of release recognized by the Supreme Court in *Greenholtz*.") (internal citation omitted). Without such an interest, no alleged violation of state law or administrative policy amounts to the violation of federal law required to be entitled to federal habeas relief. Thus a denial of parole does not warrant a writ of habeas corpus even when "a petitioner may be eligible for parole." *Bell v. Thaler*, 2013 WL 791607 *2 (N.D. Tex. March 1,

2013). Petitioner simply had no liberty interest in parole that would trigger the due process protections on which he relies.

Petitioner also fails to establish any violation of his right to equal protection. To state an equal protection claim, a claimant must typically allege that a government actor "intentionally discriminated against [him] because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). Alternatively, he may state a "class of one" equal-protection claim by alleging that he personally "has been irrationally singled out" for unfavorable treatment. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Petitioner does not state a claim under either theory.

Petitioner does not allege that he is being treated unfavorably because of his race, gender, or ethnicity, and he does not allege that he has personally been singled out for mistreatment. He alleges that the Texas parole system "discriminate[s] invidiously against inmates who are not able to afford an attorney." (Dkt. #1 at 2.) But he does not allege that parole outcomes are better for wealthier or represented prisoners or identify any instances of those better outcomes. More importantly, he cannot establish that either poverty or pro se status constitute a protected class under the Equal Protection Clause. *See Benshoof v. Hall*, No. CIV-22-527-R, 2022 WL 3586215, at *3 (W.D. Okla. Aug. 22, 2022) ("Regarding Plaintiff's contention that his poverty makes him a protected class of citizen under the equal protection clause of the Fourteenth Amendment, the Court finds this objection to be meritless. In *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 25 (1973), the Supreme Court explicitly declined to define those who live in poverty as a suspect or quasi-suspect class under the equal protection clause of the Fourteenth Amendment."); *McAfee v. Davis*, No. CV H-18-3749, 2020 WL 880840, at *7 (S.D. Tex. Feb. 21, 2020) ("Petitioner does not show that poverty or an inability to pay the fees constituted a protected class, nor does he show

that persons similarly situated were treated differently."); *McDaniel v. Bailey*, No. 3:18-CV-204-RJC-DLH, 2018 WL 3381428, at *6 (W.D.N.C. July 11, 2018), *aff'd*, 748 F. App'x 511 (4th Cir. 2019) ("Plaintiff also claims that she was discriminated against because of her indigence and pro se status, however, these are not protected classes upon which a claim of discriminatory conspiracy can be based."); *Williams v. Perry*, No. CIV.A. 4:05CV227, 2006 WL 1207900, at *3 (E.D. Tex. May 1, 2006) (dismissing equal protection claim as frivolous because "pro se status is not a protected class").

For these reasons, Petitioner has not identified a constitutional or other federal violation affecting the fact or length of his imprisonment, which is fatal to his habeas petition and could not be overcome by amendment. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). The Court should therefore deny Petitioner's requested relief and dismiss his petition.

**IV. Certificate of Appealability**

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability (COA) from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional

right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Petitioner failed to present a substantial showing of a denial of a constitutional right or establish that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the above-styled petition for a writ of habeas corpus be denied and that the case be dismissed, with prejudice. It is further recommended that Petitioner be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 27th day of January, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE